IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CHRISTOPHER COTY MAIER,**

    **Plaintiff,**

    v.                                            **CASE NO. 22-3237-JWL-JPO**

**BUREAU OF CONSULAR AFFAIRS,**
et al.,

    **Defendants.**

## O R D E R

Plaintiff, Christopher Coty Maier, is in custody at the Douglas County Jail in Lawrence, Kansas. Plaintiff filed this pro se civil rights action on October 7, 2022. The Court entered an Order (Doc. 3) denying Plaintiff's motion to proceed *in forma pauperis*, finding Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). The Court examined the Complaint and found no showing of imminent danger of serious physical injury. The Court also granted Plaintiff until November 4, 2022, to submit the $402.00 filing fee. The Court's order provided that "[t]he failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 3, at 2.) Plaintiff has failed to pay the filing fee by the deadline set forth in the order.

Plaintiff has filed the following: a Motion for Appointment of Private Attorney General of Good Faith Efforts to Obtain Consol (Doc. 4); an Affidavit of Receipt and Deposit (Doc. 5); a Notice for Neglect to Prevent (Doc. 6); an Order of Deposit of Funds with the Court (Doc. 7); a Motion for Appointment of Special Master (Doc. 8); and a Subpoena Duces Tecum Business Records (Doc. 9). All of these filings are largely incomprehensible and frivolous, and none of them contain credible allegations that Plaintiff is in imminent danger of serious physical injury.

Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

The time in which Plaintiff was required to submit the filing fee has passed. Plaintiff has not made the "specific, credible allegations of imminent danger of serious physical harm" required to meet the exception. *Hafed v. Federal Bureau of Prisons,* 635 F.3d 1172, 1179 (10th Cir. 2011). As a consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS THEREFORE BY THE COURT ORDERED** that this action is **dismissed without prejudice** pursuant to Fed. R. Civ. P. 41(b).

**IT IS FURTHER ORDERED** that Plaintiff's motions (Docs. 4, 5, 6, 7, 8 and 9) are **denied.**

**IT IS SO ORDERED**.

Dated November 8, 2022, in Kansas City, Kansas.

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**